UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Southern District of Florida

JEANCARLO LOPEZ-CASTANON,

    Plaintiff,

vs.

WILLIAM P. BARR, Attorney General of the United States,
UNITED STATES DEPARTMENT OF
JUSTICE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEANCARLO LOPEZ-CASTANON ("LOPEZ-CASTANON"), sues Defendant, WILLIAM P. BARR, Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE ("UNITED STATES DOJ"), pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq., and states:

1. Plaintiff, JEANCARLO LOPEZ-CASTANON, is a resident of Broward County, Florida. Plaintiff is a Hispanic White Male who has been employed by the Defendant since 2010.

2. Defendant carries on the business of the United States Department of Justice and, at all times material hereto, was doing business in Miami-Dade County, Florida, and within the jurisdiction of this Court.

3. Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory and punitive damages are sought pursuant to 42 U.S.C. 2000e-5. Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-

5(k).

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

5. This claim arose in Miami-Dade County and thus venue is appropriate in this Court.

6. Plaintiff, LOPEZ-CASTANON, has fulfilled all conditions precedent to the institution of this action. An internal complaint was filed with the Defendant. A Formal Complaint was filed with the U.S. Equal Employment Opportunity Commission. On January 31, 2020 the United States Department of Justice issued its Final Agency Decision dismissing the complaint and advising Plaintiff of his right to bring a civil suit. (A copy is attached hereto as Exhibit A)

## FACTS COMMON TO ALL COUNTS

7. Plaintiff is and has been employed with the Defendant since 2010 and, at all times material to this Complaint, has held the position of GS-07 Senior Corrections Officer.

8. Plaintiff possesses a certificatoin which pemits him to accompany FDC Miami inmates to and from the hospital and other locations. Plaintiff had worked transportation details in an overtime capacity for the past several years earning approximately $300 additional pay per week.

9. On or about July 22, 2016, Warden Roy Cheatham sent a letter to Plaintiff suspending him from working these transport details. This suspension was purportedly due to an ongoing investigation involving an allegation of inattention to duty.

10. Other non-White, non-Hispanic employees, who were under investigation were allowed to continue to work their overtime details and earn additional income.

11. No valid explanation was offered regarding the Warden's decision to suspend Plaintff from working the overtime transport details.

## COUNT I -VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Race Discrimination

12. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 11 above, as fully set forth herein.

13. Upon information and belief, persons not of Plaintiff's race were not treated in the same manner of Plaintiff during the time period set forth above.

14. Plaintiff was subjected to disparate treatment because of his race in violation of Title VII, whereas, he has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

15. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

    a. a declaration that the acts and practices complained of herein are in violation of Title VII;

    b. enjoining and permanently restraining these violations of Title VII;

    b. directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and making him whole for

all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

  c. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

  d. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

  e. trial by jury; and

  f. such other relief as the court deems proper.

## COUNT II - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Color Discrimination

14. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 11 above, as fully set forth herein.

15. Upon information and belief, persons not of Plaintiff's Color were not treated in the same manner of Plaintiff during the time period set forth above.

16. Plaintiff was subjected to disparate treatment because of his Color in violation of Title VII, whereas, he has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

17. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant,

including but not limited to the following:

    a.     a declaration that the acts and practices complained of herein are in violation of Title VII;

    b.     enjoining and permanently restraining these violations of Title VII;

    c.     directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and making him whole for all earnings and other benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

    d.     compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

    e.     awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

    f.     trial by jury; and

    g.     such other relief as the court deems proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, CASTANON, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 740-9600
Facsimile: (305) 740-9202
E-mail: tgvaldes@aol.com

By: _____
Teri Guttman Valdes
Florida Bar No. 10741

EXHIBIT A



**U.S. Department of Justice**
Complaint Adjudication Office

Agency Complaint Number BOP-201-01138
DJ Number 187-3-4880

---

950 Pennsylvania Avenue, N.W.
Room 3651
Washington, DC  20530

Mr. JeanCarlo Lopez-Castanon
2100 NW 64th Avenue
Sunrise, FL 33313

JAN 3 1 2020

Dear Mr. Lopez-Castanon:

    This is in reference to the Equal Employment Opportunity complaint you filed against the Federal Bureau of Prisons. Enclosed is the final Department of Justice decision. If you disagree with the decision and wish to pursue an appeal, please follow the instructions below.

### Rights of Appeal

    First, you have the right to appeal any part of the decision to the Equal Employment Opportunity Commission (EEOC). You may do so by filing your appeal within 30 days of the date you receive this decision. If you are represented by an attorney of record, the 30-day appeal period shall begin to run the day your attorney receives this decision. You may file your appeal by mail, using EEOC Form 573, Notice of Appeal/Petition, a copy of which is attached. The notice of appeal should be sent to the Director, Office of Federal Operations, EEOC, Post Office Box 77960, Washington, D.C., 20013, by mail, personal delivery or facsimile. The fax number for the Office of Federal Operations is (202) 663-7022. You must also send a copy of your notice of appeal to Carolyn Sapla, Acting EEO Officer, Federal Bureau of Prisons, 320 First Street, NW, Room 936, Washington, DC 20534. You must state the date and method by which you sent the copy of your notice to Ms. Sapla either on, or attached to, the notice of appeal you mail to the EEOC. Alternatively, you may file your appeal online by using the EEOC Public Portal at eeoc.gov.

    Second, you have the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision. In filing your federal complaint, you should name Attorney General William P. Barr as the defendant. Even if you appeal this decision to the EEOC, you still have the right to go to federal court. You may file a civil action in the United States District Court within 90 days

of the day you receive the Commission's final decision on your appeal, or after 180 days from the date you filed your appeal with the Commission, if the Commission has not made a final decision by that time.

If you cannot afford to file a civil action, you can ask the court to allow you to file the action at no cost to you. The court may also provide you with an attorney if you cannot afford to hire one to represent you in your civil action. Questions concerning when and how to file a waiver of costs should be directed to your attorney or the District Court clerk.

Sincerely,

Robert K. Abraham
Acting Complaint Adjudication Officer

cc: Richard Toscano
    Carolyn Sapla